IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID FRANCO,                                    CIVIL ACTION NO:  2:25-cv-00665

        Plaintiff,

           v.

PENN HIGHLANDS CONNELLSVILLE
HOSPITAL, formerly "Highlands Hospital,"

        Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE
COMPLAINT**

---

## I.  INTRODUCTION/FACTS/PROCEDURAL HISTORY

David Franco (hereinafter "Plaintiff") filed a Complaint in this matter against "Penn Highlands Connellsville Hospital, formerly 'Highlands Hospital'" (Defendant notes the correct name of the entity is Highlands Hospital d/b/a Penn Highlands Connellsville) (hereinafter "PHC"), asserting a violation of his civil rights under 42 U.S.C. § 1983. (Dkt. 4).[1]  In his Complaint, Plaintiff presents a very cursory and vague recitation of facts wherein he alleges on August 17, 2020, firefighters entered his home against his wishes, ordered him out of his home, cut the electricity service to his home, then contacted police. *Id*. Plaintiff alleges that police arrived, interrogated him, demanded identification, and threatened arrest all while firefighters "conduct[ed] an unauthorized upstairs search unrelated to any fire hazards (Fourth Amendment Unlawful Search)" and located what they described as a bucket of human waste.

---

[1] Plaintiff had, prior to filing, sought in forma pauperis status with the Court.

*Id.* Plaintiff alleges that two days later, police returned claiming to possess a warrant and entered his home, and forced him to be transported to PHC's facility, where he was involuntarily committed under the procedures outlined in the Pennsylvania Mental Health Procedures Act, 50 P.S. § 7302 (hereinafter "302") for five days. *Id.* Plaintiff claims that he was given insulin injections over his objection during that time, and that he was denied "adequate food (three small, insufficient meals daily), and fresh air, or even open window access[.]" *Id.* He then claims he returned to his home after being discharged to discover damage alleged to have occurred while he was committed in the PHC facility. *Id.*

Plaintiff alleges violations of his Civil Rights under 42 U.S.C. § 1983, under various theories – Count I: Unlawful Entry, Search, and Seizure in violation of the Fourth Amendment for seizing his person without a warrant; Count II: False Arrest and False Imprisonment in violation of the Fourth Amendment and Pennsylvania Law for detaining him without a warrant; Count III: Procedural Due Process – Bodily Autonomy in violation of the Fourteenth Amendment for forcing the administration of insulin over his refusal; Count V: Deliberate Indifference to Medical Needs in violation of the Eighth Amendment for denying him adequate food, fresh air, and adequate sleep, and for providing non-consensual medical treatment. *Id.* Plaintiff also asserts claims of Intentional Infliction of Emotional Distress (Count VI), Negligent Infliction of Emotional Distress (Count VII), and Medical Battery and Malpractice (Count VIII) under Pennsylvania common law. *Id.*

Plaintiff's Complaint must be dismissed as Plaintiff's claims are time-barred and insufficient as a matter of law, and thus fail to state a claim pursuant to Rule 12(b)(6). Plaintiff's Complaint also fails to adequately state § 1983 claims against PHC, a private hospital, as Plaintiff offers nothing to substantiate a claim that PHC deprived him of a guaranteed right or

2

acted under color of law. Plaintiff also fails to state colorable claims of Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Medical Battery, and "Malpractice" (assumedly Medical Professional Negligence).

## II.      MOTION TO DISMISS – STANDARD OF REVIEW

### Failure to State a Claim Upon Which Relief Can Be Granted

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).  While the Court must take all of the factual allegations in the challenged pleading as true when considering a Rule 12(b)(6) Motion to Dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, reviewing the sufficiency of a complaint requires a three-step analysis by the Court:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Plaintiff's claims against PHH fail to abide by these basic standards, and must therefore be dismissed.

## III.      ARGUMENT

3

**A.  Plaintiff's claims are time barred by the applicable Statutes of Limitations, and therefore fail to state a claim upon which relief can be granted and must be dismissed with prejudice.**

Plaintiff's Complaint, in its entirety, is legally insufficient as the statutes of limitations applicable to the various claims contained within have long since expired.

As discussed above, Plaintiff sets forth the following claims in his Complaint: (1) Civil Rights claims under 42 Pa.C.S. § 1983; (2) Intentional Infliction of Emotional Distress ("IIED"); (3) Negligent Infliction of Emotional Distress ("NIED"); (4) Medical Battery; (5) Medical Malpractice. The limitations periods for those claims are as follows:

1.  Civil Rights Claims under § 1983 – Two years. *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). *See also* 42 Pa.C.S. § 5524.

2.  IIED – Two years. 42 Pa.C.S. § 5524.

3.  NIED – Two years. *Id.*

4.  Medical Battery – Two years. *Id.*

5.  Medical Malpractice (Negligence) – Two years. *Id.*

When it is clear from the pleadings that the statute of limitations has expired on a plaintiff's claims, the Court may address that defense in a Motion to Dismiss pursuant to Rule 12(b)(6).

> Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss . . . In this circuit, however, we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.

*Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). *See also PG Publishing, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 318 n.13 (3d Cir. 2021).

Here, the Complaint is clear that the alleged activities which underpin this action took place during a period of approximately one week beginning on August 17, 2020. Therefore, it is beyond dispute that the statute of limitations expired on all of the claims in Plaintiff's Complaint no later than August 24, 2022. This Complaint, filed on May 15, 2025 (Dkt 1-1), was thus filed nearly three years after the expiration of the applicable statutes of limitations, and the claims are therefore time-barred and legally unsustainable and must be dismissed with prejudice.

**B.  Plaintiff's § 1983 claims are insufficient and fail to state a claim upon which relief can be granted as PHC did not deprive Plaintiff of a substantive right or act under color of law**

Even had the applicable statute of limitations not long since expired, Plaintiff's § 1983 claims against PHC must be dismissed as there is simply no factual or legal basis contained in the Complaint to support a claim that PHC deprived Plaintiff of a protected right or acted under color of law. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. Therefore, to state a claim under § 1983, Plaintiff must (1) establish that he was "deprived of a right secured by the Constitution or laws of the United States," and (2) "that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

The element of a § 1983 action requiring the activity to have been committed under color of state law "excludes from its reach 'merely private conduct, no matter how

discriminatory or wrongful.'" *Sullivan*, 526 U.S. at 50*,* 119. S.Ct. 977, 143 L.Ed.2d 130 (quoting *Blum v. Yaretsky*, 457 U.S 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). "To determine whether an individual is a state actor, we ask whether 'the alleged infringement of federal rights [is] fairly attributable to the State.'" *Robinson v. Fair Acres Geriatric Center*, 842 Fed. Appx. 779, 782 (3d Cir. 2021) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)). Determining attribution to the State requires consideration of the following:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Id.* (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). Courts have also noted that "[t]he traditional definition of acting under the color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible **only because the wrongdoer is clothed with the authority of state law**.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)) (emphasis added).

It is well established that private hospitals and their employees are not state actors, regardless of the fact that they are subject to state regulations. *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982). *See also Robinson*, 842 Fed. Appx. 779. Indeed, even in cases which involve the use of Pennsylvania's involuntary commitment procedures established and governed by Pennsylvania law, utilization (or even theoretical misuse) of those procedures has been held to not meet the threshold of state action required of a § 1983 claim. *Benn v. Universal Health System, Inc.*, 371 F.3d 165 (3d. Cir. 2004).

Here, Plaintiff fails to plead any facts to establish a plausible claim under § 1983 – particularly, no facts suggest that PHC – again, a private healthcare entity – acted under color of law in any actions it allegedly took. Indeed, in these circumstances, such an inference is nearly impossible. *See id.* Plaintiff merely baldly alleges that his involuntary commitment and the treatment and conditions he experienced during that commitment violated various civil rights, and such a claim is legally unsustainable. Therefore, Plaintiff's § 1983 claims fail to state a claim upon which relief can be granted, and they must be dismissed.

### C. Plaintiff's NIED claim is insufficient and fails to state a claim upon which relief can be granted.

As discussed above, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy pleading standards under the law. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949–50, 173 L. Ed. 2d 868. A claim of NIED, generally speaking, sounds in Negligence. Proving Negligence, at a bare minimum, particularly in the context of a corporate healthcare entity, requires establishing that (1) these Defendants had a duty to the Plaintiffs; (2) that duty was breached; (3) the breach was the actual and proximate cause of any harm alleged; (4) actual damages suffered as a direct result of the harm;. *See e.g. Thompson v. Nason Hosp.*, 527 Pa. 330, 591 A.2d 703 (1991).

Here, Plaintiff suggests, via bald assertion, that PHC failing to protect his Constitutional Rights constituted negligence, and that he suffered emotional harm as a result. Plaintiff offers no elaboration on this claim, other than asserting that his rights were violated and that PHC was negligent in allowing that to occur. PHC is unaware of any authority which holds that a private entity has a duty to protect the constitutional rights of another.

In any case, Plaintiff fails to develop his claim or support it with sufficient factual averments to satisfy accepted pleading standards, and the NIED claim must therefore be dismissed.

### D. Plaintiff's IIED claim is insufficient and fails to state a claim upon which relief can be granted.

Plaintiff alleges IIED against PHC by baldly asserting extreme and outrageous conduct leading to severe emotional distress. Plaintiff, however, fails to adequately plead facts to support this claim and it must be dismissed.

An IIED claim requires pleading facts to support a determination that a defendant engaged in "extreme and outrageous conduct." *See Kazatsky v. King David Mem. Park, Inc.*, 515 Pa. 183, 190-191, 527 A.2d 988, 991-992 (1987). Extreme and outrageous conduct is not negligence, recklessness, or even intentional action made with malice, but rather requires conduct which is so extreme and beyond the bounds of decency that it would be atrocious or intolerable to a civilized community. *Id* (quoting Restatement (Second) Torts § 46, comment d).

Plaintiff simply does not plead facts or any other circumstance which would satisfy that definition of outrageous conduct. He simply pleads that based on reports of third parties, PHC staff involuntarily committed him under the auspices of Pennsylvania Law. He may disagree with the appropriateness of that action, but he simply does not plead facts to support the allegation that the same would constitute extreme and outrageous conduct. Baldly applying an unsupported label of "extreme and outrageous" to this set of facts simply does not satisfy the strict standards for pleading and proving an IIED claim against PHC, and the same must be dismissed.

**E. Plaintiff's Medical Battery and Malpractice claims are insufficient and fail to state a claim upon which relief can be granted.**

Plaintiff's commingled claims of Battery and Malpractice fail to state a claim and must be dismissed. To establish a malpractice claim against a corporate entity directly, again, a Plaintiff must plead and prove that (1) a defendant had a duty to the plaintiff; (2) that duty was breached; (3) the breach was the actual and proximate cause of any harm alleged; (4) actual damages suffered as a direct result of the harm; (5) expert support relating to the alleged breach of duty and causation; and (6) (for claims against corporate entities) actual or constructive knowledge of the alleged defect of procedures. *See Thompson*, 527 Pa. 330, 591 A.2d 703*. See also Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 824 A.2d 1140 (2003). Medical Battery requires proof of, essentially, a lack of informed consent in a surgical procedure. *Wu v. Spence*, 413 Pa. Super. 352, 605 A.2d 395 (1992). *See also Berger v. Hahnemann University Hospital*, 765 Fed.Appx. 699, 705 (3d Cir. 2019).

Plaintiff here, again, bases his claim on a disputed series of facts which led to his involuntary commitment under the provisions of the Pennsylvania Mental Health Procedures Act. He offers nothing to support a claim of medical battery, and offers no expert opinions or certificates of merit supportive of the conclusion that his medical care fell below accepted standards in the field. *Cf.* Pa.R.Civ.P. 1042.3; *Toogood*, 573 Pa. 245, 824 A.2d 1140. Therefore, Plaintiff fails to state a claim for which relief can be granted in either regard, and those claims must be dismissed.

**V.  CONCLUSION**

Plaintiff's Complaint against PHC fails to state any claim for which relief can be granted, as it fails to adequately plead a factual basis for the claims, fails to establish the elements of the alleged causes of action, and brings claims that are time-barred as a matter

of law pursuant to the applicable statutes of limitations. Therefore, Plaintiff's claims against PHC must be dismissed with prejudice.

GORDON REES SCULLY MANSUKHANI, LLP


Date: April 14, 2026                    /s/ Jacob S. Lehman
                                        Jacob S. Lehman, Esquire (Pa. I.D. No. 319457)
                                        GORDON REES SCULLY MANSUKHANI, LLP
                                        707 Grant Street, Suite 3800
                                        Pittsburgh, PA  15219
                                        jlehman@grsm.com
                                        T:  (412) 577-7400
                                        F:  (412) 347-5461
                                        *Counsel for Defendant, Highlands Hospital d/b/a Penn Highlands Connellsville (incorrectly identified as "Penn Highlands Connellsville Hospital, formerly 'Highlands Hospital'")*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties and counsel of record this 14th day of April, 2026, via the Court's Electronic Filing System and by First Class Mail.

David Franco
551 5th Avenue
Brownsville, PA 15417

Date: April 14, 2026            _/s/ Jacob S. Lehman_____

11